[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Introduction
Terrance J. Murtha and George Clark were together entrepreneurs, who for reasons unexplained to us became estranged and mutually decided to place a piece of real estate jointly owned by them into a trust. While remaining beneficiaries of the trust. Clark gave a power of attorney to this defendant, Peter Rydzik, a CPA. Now, Murtha brings this three-count complaint against Rydzik for an accounting; conversion of monies; and breach of Rydzik's fiduciary duty as a depository. This litigation is bottomed on monies which Murtha claims are his proceeds of the now dissolved trust or a successor partnership with Clark. The essence of the dispute between Murtha and Rydzik arises out of $27,500, which Rydzik claims are due him for services rendered out of monies belonging to Murtha and Clark. Murtha, during this December 1990 trial, claimed that Rydzik was never commissioned by him nor the trustees to act for their benefit and thus he (Murtha) was due 50% of the $27,500 retained by Rydzik. — We agree.
Findings of Fact
From the admissions contained in the pleadings and the evidence deemed credible, the court makes the following findings of fact.
1. Prior to October 15, 1975, Terrance J. Murtha and George Clark entered into a partnership for the purpose of owning and developing a parcel of land in Beacon Falls, Connecticut. This CT Page 397 real estate is more completely described in Schedule A attached to the complaint of May 25, 1990.
2. On or about October 15, 1975, a declaration of trust was entered into by and between Donald J. Zehnder, Esquire, Robert L. Bean, a banker, and J. Warren Upson, Esquire, as trustees, and Terrance J. Murtha and George Clark as beneficiaries. This declaration created an entity known as the GT Trust.
3. The real estate in question was conveyed by Murtha and Clark to the GT Trust in accordance with the terms of the trust declaration.
4. Thereafter, George Clark did appoint the defendant here, Peter Rydzik, as his attorney-in-fact under the terms and conditions of a certain power of attorney to act in Clark's stead with regard to Clark's interests in the trust.[1]
5. From the inception to the termination of the trust, the trustees held periodic meetings to make management decisions and customarily invited the beneficiaries, Murtha and Clark, to attend. During one of these meetings, Rydzik appeared and informed the trustees and Murtha that he was appearing on behalf of Clark in accordance with a certain signed power of attorney.
6. Clark did confirm to the trustees and Murtha that Rydzik was acting on his behalf as Clark's attorney-in-fact. Subsequently, Rydzik appeared at the trustees' meetings and did act on behalf of Mr. Clark.
7. Prior to the termination of the trust, Rydzik met with members of the Beacon Falls Planning and Zoning Commission regarding the trust real estate and also met with Richard Peterson d/b/a P R Excavating Company.
8. Rydzik collected monies from Peterson for the payment of sand and gravel excavated from the real estate managed by the trustees and forwarded the checks to Bean.
9. During the life of the trust, Rydzik was never retained by any one of the trustees for any purpose; never indicated to the trustees he was acting in any capacity other than as Clark's attorney-in-fact; and never sought any compensation from the trustees for services rendered.
10. When the trust was being dissolved, Clark attended the windup meeting during which Bean delivered a check made payable to Murtha and Clark in the amount of $7,247.78, which represented the balance of trust funds. CT Page 398
11. Upon the termination of the trust, Murtha and Clark delivered over to Rydzik the $7,247.78 with the direction that the monies were to be deposited by him in an account for their partnership.
12. After the trust was terminated, Rydzik continued to collect monies from Peterson for his excavation of sand and gravel from the now former trust property. These monies totaled $34,191.00.
13. Sometime in November or December 1989, Rydzik deposited $41,438.78 into his personal checking account at Bank of Boston Connecticut, rather than into a partnership account.
14. Thereafter, Rydzik prepared a statement for professional services rendered, in which he claimed a fee of $27,500.00 for services performed in behalf of Murtha, Clark and GT Trust. Plaintiff's Exhibit B.
15. Upon receipt of this statement, on or about January 1, 1990, Murtha, under date of January 4, 1990, wrote the defendant disavowing on behalf of himself and the trustees the claim for services and suggesting he take it up with Mr. Clark. Plaintiff's Exhibit C.
16. Under date of March 15, 1990, Murtha received an itemization from Rydzik indicating Rydzik had paid himself $27,500.00 out of the Murtha/Clark funds.
17. Although demand has been made upon Rydzik, he refuses to surrender 50% of the $27,500.00 to Murtha.
18. As a depository of the $27,500.00, Rydzik was acting in a fiduciary capacity while holding the proceeds of the trust and the partnership and consequently, had a duty to exercise good faith, loyalty and honesty in holding these monies.
19. The retention of the $13,750.00 has been wrongful.
Conclusions
1. Concerning the first count, the defendant is ordered to account specifically and completely for each sum of money received by him in behalf of the Murtha/Clark trust and partnership.[2]
2. Concerning the second count, the court concludes that the defendant has converted to his own use $13,750.00 of the plaintiff's monies.
3. Concerning the third count, the court concludes that the CT Page 399 defendant has breached a fiduciary duty as a depository in failing to surrender the $13,750.00.
4. Concerning the special defense to each count, the court concludes that Rydzik failed in his proof.
Accordingly, the plaintiff is awarded the sum of $13,500.00 plus prejudgment interest pursuant to 37-3a of the Connecticut
General Statutes.
Additionally, since Murtha filed an offer of judgment dated October 18, 1990 in the amount of $13,750.00, which Rydzik failed to accept, the plaintiff in accordance with 350 of our rules is awarded additionally 12% annual interest and attorney's fees in the amount of $350.00.
A judgment may enter accordingly.
WILLIAM PATRICK MURRAY, J. A Judge of the Superior Court